1 .DOWNING, J.
Deborah Dale, plaintiff/appellant appeals the judgment rendered by the Office of Workers’ Compensation (OWC) dismissing her claims for disability benefits. The workers’ compensation judge (WCJ) ruled that Ms. Dale failed to prove that her exposure to 2-Butanone methyl ketone (MEK) while working at Avondale Industries, Inc. (Avondale) caused her asthma disability. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Ms. Dale was hired as a robotic operations technician at Avondale on December 14, 1999 and was terminated in March 2001. Ms. Dale was still receiving unemployment benefits at the time she filed a disputed claim for compensation form alleging that her pulmonary problems arose from exposure to hazardous fumes while working at Avondale. Specifically, Ms. Dale alleged that she was exposed to MEK on December 21, 2000 when an employee brought the substance into her office on a napkin. Ms. Dale also alleged that her condition was exacerbated when subjected to the noxious paint fumes when a railing on her building was being painted outside her office. After an August 8, 2002 trial the WCJ ruled that Ms. Dale failed to prove a causal relationship between her pulmonary disability and the substances she allegedly inhaled while working at Avondale. Ms. Dale’s appeals that ruling.

STANDARD OF REVIEW

In a workers’ compensation case, as in other cases, the appellate court’s review of factual findings is governed by the manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530, p. 4 (La.1/14/94), 630 So.2d 733, 737. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of |3the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).

DISCUSSION

The Workers’ Compensation Act provides coverage to an employee for personal injury by an accident arising out of and in the course of his employment. La. R.S. 23:1031(A). In order to recover for this injury an employee must prove the chain of causation establishing that the accident was employment-related, the accident caused the injury, and that the injury caused the disability. DeGruy v. Pala, Inc., 525 So.2d 1124, 1130 (La.App. 1 Cir.1988).
Ms. Dale claimed her shortness of breath and tightness in her chest were the results of occupational asthma. Ms. Dale testified that she was exposed for ten to *46 fifteen minutes to MEK and was taken to First Aid and given oxygen. Ms. Dale testified that the strong smelling solution, later identified as MEK, was being used to clean some equipment in her office. Ms. Dale testified that she stayed home for a few days but returned to work about a week later even though she was still feeling unwell.
Dr. Michael Dunn performed a pulmonary function test (PFT) revealing that Ms. Dale has asthma. He testified that he recommended she change her work environment. Dr. Glenn Gomes, a pulmonologist, examined Ms. Dale and determined that she had reactive airway disease. His chart indicates that Ms. Dale told him she was exposed to fumes from burned off paint, dust and other compounds. Dr. Gomes’ report also indicated that Ms. Dale “does not wish to take medicines for the treatment of reactive airway disease.”
To the contrary, however, the WCJ specifically concluded that Ms. Dale’s co-workers “overwhelmingly” contradicted her testimony, testifying 14that the office was only exposed to MEK for about two minutes. The WCJ also noted that Ms. Dale told her doctor that she was exposed to the substance for about one hour.
Dr. Douglas Swift performed an IME and reported in deposition that Ms. Dale did not have occupational asthma but had an underlying propensity for asthma that could not be linked to her brief exposure to MEK. Dr. Ewing Cook, another pulmonary specialist, also examined Ms. Dale and testified that her PFT indicated she had mild asthma. Dr. Cook also indicated that she did not take drugs for the malady because the medication did not agree with her. Dr. Cook testified that in his opinion, a single exposure to MEK would not cause Ms. Dale’s asthma. Dr. William George, Professor of Toxicology at Tulane University Medical School, examined Ms. Dale at her request. Dr. George reported that he could not establish a causal connection between an exposure to MEK and occupational asthma. Dr. Scott Pethke, Ms. Dale’s treating pulmonary physician, stated that he could not say whether one brief exposure to MEK could trigger her asthma.
In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
In this case the OWC judge, who was in the best position to weigh and evaluate the evidence, heard the testimony of the parties and credited that opposing testimony of the co-workers. Accordingly, she determined that Ms. Dale did not prove that her asthma was caused by events while working for Avondale.
IsUpon a thorough review of the evidence presented and considering the credibility determinations obviously made by the WCJ, we conclude that the record reasonably supports that Ms. Dale failed to prove her entitlement to workers’ compensation benefits. We find no manifest error in the WCJ’s conclusion that Ms. Dale did not carry her burden of proving that her disability was caused by a work-related accident entitling her to workers’ compensation benefits.

DECREE

For the foregoing reasons, the decision of the WCJ is affirmed. Costs of this appeal are assessed to Deborah Dale.
AFFIRMED.